# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY A. MARQUEZ, | Case No. 3:20-cv-00073-RCJ-WGC |
| Petitioner, | |
| v. | **ORDER** |
| NAME, *et al.*, | |
| Respondents. | |

Petitioner Johnny A. Marquez, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court on Marquez's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) and Motion for Appointment of Counsel (ECF No. 1-2). For the reasons discussed below, Marquez's IFP application and motion are granted, counsel is provisionally appointed, and the Clerk of Court is instructed to serve Respondents with the petition.

Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may request permission to proceed *in forma pauperis* ("IFP").[1] Indigent prisoners who do not have the money to pay the $5.00 filing fee for a habeas petition may apply for IFP status. A prisoner's IFP application must be submitted on the form provided by the court and include specific financial documents. 28 U.S.C. § 1915; LSR 1-1, LSR 1-2. The Court has considered Marquez's IFP application. Although he has now paid the $5.00 filing fee (ECF No. 3), his IFP application sufficiently shows indigency to support the appointment of counsel. The IFP application is therefore granted.

Marquez seeks the appointment of counsel to assist him in this habeas proceedings. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37

---

[1] *In forma pauperis* is a Latin phrase that means without paying fees and costs.

1  (2007)). However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request the
2  appointment of counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B).[2] The court has
3  discretion to appoint counsel when the interests of justice so require. 18 U.S.C. § 3006A(a)(2).
4  The interests of justice so require "when the complexities of the case are such that denial of counsel
5  would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

6  Following review of the petition and the motion for appointment of counsel, the Court will
7  provisionally appoint the Federal Public Defender to represent Marquez. The Court finds that
8  appointment of counsel is in the interests of justice given, among other things, the issues involved
9  in the case and Marquez's lengthy sentence of 20 years to life. The Nevada Supreme Court's
10 January 2020 order affirming the denial of post-conviction relief indicates that Marquez has mental
11 health conditions that may have affected his ability to understand court proceedings or make
12 decisions during his state criminal case. (ECF No. 1-1 at 11–12.) Marquez's motion for
13 appointment of counsel is therefore granted.

14 **IT IS THEREFORE ORDERED:**

15 1. Petitioner Johnny A. Marquez's Application to Proceed *In Forma Pauperis* ("IFP")
16    (ECF No. 1) and Motion for Appointment of Counsel (ECF No. 1-2) are GRANTED.
17 2. The Clerk of Court is directed to file Marquez's Petition for Writ of Habeas Corpus
18    (ECF No. 1-1).
19 3. The Federal Public Defender is provisionally appointed as counsel and will have 30
20    days to undertake direct representation of Marquez or to indicate the office's inability
21    to represent Marquez in these proceedings. If the Federal Public Defender is unable to
22    represent Marquez, the Court will appoint alternate counsel. The counsel appointed
23    will represent the petitioner in all federal proceedings related to this matter, including
24    any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the
25    filing of an amended petition and/or seeking other relief will be set after counsel has

---

[2] An "indigent" petitioner is a person "who is too poor to hire a lawyer and who, upon indictment, becomes eligible to receive aid from a court-appointed attorney and a waiver of court costs." Black's Law Dictionary (10th ed. 2014).

entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Marquez at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with the petition. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

6. The Clerk of Court will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED this 8th day of July, 2020.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE