# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHNNY A. MARQUEZ,

               Petitioner,

v.

DWIGHT NEVEN, WARDEN, *et al*.,

               Respondents.

Case No. 3:20-cv-00073-RCJ-WGC

**ORDER**

      Petitioner Johnny A. Marquez, a Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 5). The Court granted him pauper status and provisionally appointed counsel. (ECF No. 4.) Following the Notice of Appearance (ECF No. 7) by the Federal Public Defender on behalf of Marquez, this habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] and for consideration of Marquez's Motions to File First Amended Petition and for Scheduling Order (ECF Nos. 8–9). For the reasons discussed below, the Court grants the motions and sets a briefing schedule.

## BACKGROUND

      Marquez challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State v. Marquez*, Case No. 09C251342.[2] Following a five-day trial, a jury found Marquez guilty of three counts of sexual assault of a minor under 14 years of age and three counts of lewdness with a minor under 14 years of age. On July 18, 2011, the state court entered a judgment of conviction sentencing Marquez to six life sentences with parole eligibility in 40 years. Marquez filed a direct appeal. The Nevada Supreme Court affirmed

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

Marquez's conviction on March 28, 2013.

On March 13, 2014, Marquez filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. Following an evidentiary hearing, the state petition was denied. Marquez filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial of relief, and a remittitur issued on February 18, 2020.

Marquez mailed his federal petition, or handed it to a correctional officer for the purpose of mailing, on January 31, 2020. (ECF No. 1-1 at 1, 9.) He also requested the appointment of counsel. (ECF No. 1-2.) The Court provisionally appointed the Federal Public Defender as counsel and noted that a deadline would be set approximately 90 days from entry of the formal order of appointment for the filing of an amended petition and/or seeking other relief. (ECF No. 4.)

## **DISCUSSION**

### I.  MARQUEZ'S MOTIONS

Although a scheduling order has yet to be entered, out of an abundance of caution, Marquez's motions seek leave to promptly file a protective first amended petition to ensure all the claims he previously raised in state court have been adequately presented to this Court. The proposed first amended petition is compiled nearly verbatim from Marquez's appellate briefs in his direct and post-conviction appeals. He therefore requests that the forthcoming scheduling order allow him to file a second amended petition that will reflect counsel's thorough review, investigation, and research regarding this case.

The motions essentially ask to pursue the two-step amendment procedure this Court has expressly authorized in prior cases. *See, e.g.*, *McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014) (explaining the Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation). The Court finds good cause to allow Marquez to utilize the two-step procedure here.

### II.  SCREENING AND SCHEDULING

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v.*

*Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Because Marquez has been granted leave to amend, the Court screened the first amended petition rather than the original *pro se* petition. Marquez alleges eight claims for relief under the United States Constitution. Having conducted an initial review, the Court will set a schedule for Marquez to file a second amended petition and direct a response.

**IT IS THEREFORE ORDERED:**

1. The Federal Public Defender, through Jeremy C. Baron, Esq., is formally appointed as counsel for Petitioner Johnny A. Marquez pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Marquez in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. Marquez's Motion to File First Amended Petition (ECF No. 8) and Motion for Scheduling Order (ECF No. 9) are GRANTED.

3. The Clerk of Court is directed to FILE the first amended petition (ECF No. 8-1).

4. Marquez will have until **90 days** from entry of this order to file a second amended petition and/or seek other appropriate relief. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Marquez at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. Respondents are not required to respond to the first amended petition at this time:

    a. If Marquez choses to file a second amended petition, Respondents must file a response within **60 days** of service of a second amended petition; or

    b. If Marquez chooses *not* to file a second amended petition, Respondents must,

within **60 days** of the expiration of the time to do so, file a response to the first amended petition.

6. Marquez may file a reply within **30 days** of service. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by the local rules.

7. Any procedural defenses Respondents raise to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If Respondents do seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

9. Respondents must file the state court exhibits relevant to their response in chronological order.

10. All state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket

number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page.  *See* LR IC 2-2(a)(3)(A).

11. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED this 28th day of July, 2020.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE