# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY A. MARQUEZ,<br><br>            Petitioner,<br>    v.<br><br>RENE BAKER, WARDEN, *et al.*,<br><br>            Respondents. | Case No. 3:20-cv-00073-RCJ-CSD<br><br>**ORDER** |

This habeas matter is before the Court on Respondents' Motion to Dismiss (ECF No. 43). Also before the Court is Respondents' Motion to Extend (ECF No. 28). For the reasons discussed below, Respondents' Motion to Dismiss is denied and Respondents' Motion to Extend is granted.

**I.   Background**

Marquez challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State v. Marquez*, Case No. 09C251342. Following a five-day trial, a jury found Marquez guilty of three counts of sexual assault of a minor under 14 years of age and three counts of lewdness with a minor under 14 years of age. On July 18, 2011, the state court entered a judgment of conviction sentencing Marquez to six life sentences with parole eligibility in 40 years. Marquez filed a direct appeal. The Nevada Supreme Court affirmed Marquez's conviction on March 28, 2013.

On March 13, 2014, Marquez filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. Following an evidentiary hearing, the state petition was denied. Marquez filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial of relief, and a remittitur issued on February 18, 2020. Marquez initiated the instant federal matter by mailing his federal petition, or handing it to a correctional officer for the purpose of mailing, on February 4, 2020. (ECF No. 1-1 at 1, 9.) After appointment of counsel, Marquez filed his second

amended petition on April 26, 2021. (ECF No. 20.)

Respondents move to dismiss Marquez's second amended petition as untimely and Ground One as unexhausted.[1]

## II.     Discussion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")).

A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The  state  courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).  *See also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.").

A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard v. Connor*, 404 U.S. 270, 277–78 (1971) ("Obviously there are instances in which the ultimate question for disposition will be the same despite variations in the legal theory or factual allegations urged in its support.... We simply hold that the substance of a federal habeas

---

[1] Respondents, however, withdrew their argument that Marquez's second amended petition should be dismissed as untimely after reviewing Marquez's opposition. (ECF No. 45 at 1.)

1  corpus claim must first be presented to the state courts.") (internal citations and quotation marks
2  omitted).

3      In Ground One, Marquez alleges that there was a complete breakdown in the attorney-
4  client relationship with his trial counsel in violation of his Fifth, Sixth, and Fourteenth Amendment
5  rights. (ECF No. 20 at 13.) Respondents assert that although Marquez presented a similar claim on
6  direct appeal, the claims are significantly different and, therefore, unexhausted. (ECF No. 43 at 7-
7  8.) They assert that in Marquez's direct appeal, he did not provide facts pertaining to the attorney
8  log or billing records presented in Marquez's second amended petition. (*Id*.) Respondents further
9  assert that Marquez did not present facts on direct appeal regarding the work performed by the
10 investigator. (*Id*.)

11     Marquez argues that such allegations do not fundamentally alter his claim. (ECF No. 44 at
12 10-11.) He asserts that the attorney log was attached to his *pro se* motion to dismiss counsel, which
13 was discussed in his brief on direct appeal. (*Id.*) Further, a copy was included in the appendix to
14 the brief on direct appeal. (*Id*.) In addition, the billing records and arguments regarding the
15 investigator further corroborate his allegations about a lack of communication with his trial
16 counsel. (*Id*.)

17     A claim has not been fairly presented in state court if new factual allegations either
18 fundamentally alter the legal claim already considered by the state courts, or place the case in a
19 significantly different and stronger evidentiary posture than it was when the state courts considered
20 it." *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (quoting *Vasquez v. Hillery*, 474 U.S.
21 254, 260 (1986); *Beaty*, 303 F.3d at 989–90; *Aiken v. Spalding*, 841 F.2d 881, 883, 883 (9th
22 Cir. 1988) (internal quotation marks omitted). On the other hand, new allegations that do not
23 "fundamentally alter the legal claim already considered by the state courts" will not render a claim
24 unexhausted. *Vasquez*, 474 U.S. at 260; *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir.
25 1994).

26     The Court finds that the additional factual allegations do not fundamentally alter Marquez's
27 claim. Marquez relies on further factual specifics that are in the state court record and the additional

28

factual specifics do not fundamentally alter the claim. The Nevada Supreme Court's decision on direct appeal shows that the appellate court considered the arguments and evidence presented to the state court in the record. (*See* ECF No. 36-4.) The legal basis of the claim has not changed. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (finding the exhaustion requirement satisfied even though the precise factual predicate for the claim had changed after it was presented in the state courts because the change did not fundamentally alter the legal basis for the claim). Accordingly, Ground One is exhausted and Respondents' motion to dismiss is denied.

### III. Motion to Extend

Good cause appearing, the Court grants Respondents' third unopposed motion to extend time to respond to Marquez's second amended petition.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 43) is DENIED.
2. Within 60 days of entry of this order, Respondents must file an answer addressing all claims in the second amended petition.
3. Petitioner will have 60 days from service of the answer within which to serve and file a reply.
4. Respondents' Motion to Extend (ECF No. 28) is GRANTED.

DATED this 21st day of July, 2022.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE